U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 3 0 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GARY COOPER, ID # 80332-008, | ) |
| | ) |
| vs. | ) No. 3:08-CV-1721-K (BH) |
| | ) ECF |
| D. BERKEBILE, | ) Referred to U.S. Magistrate Judge |
|     Respondent. | ) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND[1]

Petitioner, a prisoner currently incarcerated in the Federal Correctional Institution (FCI) located in Seagoville, Texas, brings this habeas action pursuant to 28 U.S.C. § 2241 to challenge the manner in which his federal sentence is being executed. He names David Berkebile, Warden of FCI Seagoville, as respondent.

Petitioner contends that the Bureau of Prisons (BOP) has treated him differently than prisoners in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008) with respect to the prison Residential Drug Abuse Program (RDAP). He asserts that the BOP has thus violated his right to equal protection. The Court received the instant petition filed pursuant to 28 U.S.C. § 2241 on September 29, 2008.

---

[1] The background information is taken from petitioner's federal petition for writ of habeas corpus.

## II. EXHAUSTION

Petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Although exhaustion is not a jurisdictional requirement in the context of a § 2241 petition, *see Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *6 (N.D. Tex. Mar. 28, 2007) (accepting recommendation of Mag. J.), prisoners who challenge the calculation of their federal sentences should exhaust the remedies provided by the BOP, *see, e.g., United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Sanchez v. Wendt*, No. 3:03-CV-1372-M, 2003 WL 22327877, at *1(N.D. Tex. Oct. 8, 2003) (recommendation of Mag. J.), *accepted by* 2003 WL 22961222 (N.D. Tex. Oct. 27, 2003). Prisoners who assert challenges related to the prison RDAP must likewise exhaust their administrative remedies. *See, e.g., Martin v. Zenk*, 244 Fed. App'x 974, 977-78 (11th Cir. 2007) (per curiam).

Nevertheless, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action", petitioners need not exhaust administrative remedies. *Fuller*, 11 F.3d at 62 (citation omitted). Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted). If an inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, such inmate may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion. *See id.*

In this instance, petitioner concedes that he has taken no steps to informally or formally resolve his challenges through the BOP. He has bypassed all administrative remedies to pursue this

2

§ 2241 action. He claims that it would be futile for him to pursue his administrative remedies because (1) no one has received a favorable ruling on his equal protection claim and (2) the agency would decline to use their discretion. However, "the mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile." *See Herman v. Wendt*, No. 3:03-CV-1204-D, 2004 WL 68018, at *2 (N.D. Tex. Jan. 13, 2004) (recommendation of Mag. J. relying on *Green v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)), *adopted by* 2004 WL 557290 (N.D. Tex. Feb. 11, 2004); *accord Sanchez*, 2003 WL 22327877, at *2. Furthermore, although he boldly states that no one has received a favorable ruling, he provides no support for the statement. Such unsupported statement does not carry petitioner's burden to show futility of administrative review. Petitioner does not show that extraordinary circumstances exist in this case for finding exhaustion futile. Consequently, the Court should not find exhaustion to be futile in this case, and should dismiss this action without prejudice due to petitioner's failure to exhaust administrative remedies.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the instant petition filed pursuant to 28 U.S.C. § 2241 without prejudice for the failure of petitioner to exhaust administrative remedies.

**SIGNED this 30th day of October, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE